All right, our last case for today, now this afternoon, is United States v. Michael Thomas 1929-69, and we should have Ms. Conner and Mr. Whalen, which we appear to have, so that's excellent. Ms. Conner, you may proceed. Thank you, Your Honor. My name is Carrie Conner, and I am here today on behalf of Michael Thomas, the defendant. We have challenged Mr. Thomas' conviction for mail fraud based on error committed by the District Court in permitting the introduction of six fires that are 404B evidence. Now, in this case, as we know with mail fraud, the mailings at issue must be closely enough associated with the conduct so as to show furtherance of that scheme. In this case, the four counts that were charged all relate to insurance checks for checks that were sent based on a fire that occurred on April 17th of 2013 at Michael Thomas' home. The indictment very broadly included allegations of fires in 2004, four fires in 2010, an additional fire in 2013, January, and included all of those to broadly define the scheme in order to allow for their admission. Now, the government has suggested that defense counsel, trial counsel, waived this issue below by not appealing a decision of the magistrate court regarding his initial motions under 404B and under surplusage. I do believe that the government incorrectly suggests that the motion was filed only under surplusage, but in fact, the attorney below did file a motion under 404B challenging the introduction of all of these fires other than the April 17th, 2013 fire. That motion was decided by the magistrate court. It is correct that that decision was not appealed by the defendant. However, later, the district court specifically took up two of those issues, one of them being the fire that occurred in 2004, which also occurred on the defendant's property, and an allegation questioned by the defense counsel again regarding the introduction of two of the four fires that occurred in 2010. Ms. Conner? Yes. I was just going to start with those 2010 fires because there was a theory of relevance, which was that they had been set to muddy the waters, more or less, so it didn't look like it was always Mr. Thomas's properties that were burning, that there was a mode of operation, that there was a common practice. And the 2010 ones were within the scope of the scheme that the district court judge, Chief Judge DiGiulio, recognized. So these decisions are assessed under an abuse of discretion standard, and explain to me how that's an abuse of discretion. It seems like a plausible way of looking at things. Your Honor, I don't think it's implausible that if you allow for the introduction of the 2010 fires that belonged actually to Mr. Thomas's second ex-wife and her mother, and that under the theory that was put in by Mr. Nissen, that the other two fires were started to cover the fact that they were related to the Thomas family. I don't think that there's an abuse of discretion necessarily on that theory, but the problem is that the 2010 fires came in at all. Because as I, the problem is, is that this jury may very well have convicted Mr. Thomas because they believe that he was involved in the arsons of 2010. However, the 2010 arsons, which were distinct and completed acts before there was any possible discussion or thought about starting a fire in April of 2013, assuming that that was an arson because it is very, very scant if we isolate that fire alone. So the issue becomes not simply the decision that the district court made about allowing in the second two, but that the first two in 2010 should not have come in at all, Your Honor. And I wanted to emphasize the importance of the fact that if you take the mailings and the only fire that they connect to are April of 2013, if you remove the April 2013 fire, you have no connection to the counts of conviction. That's why it clearly is not a duplicity argument, but a 404B argument. The jury is being asked to rely on evidence of 2004, evidence of 2010, and evidence of January of 2013 to reach the conclusion that Mr. Thomas has a proclivity for starting fires and therefore that the fire in April 2013, which is the only fire that connects to the mailings, is in fact the basis of conviction. Which is absolutely 404B. Yes, sir. Let me tell you what's confusing me a little bit. You're very eloquent. Your argument is well articulated. Here's what confuses me, though. As I understand the appeal before us, you're not challenging the legal sufficiency of the indictment. So it's not as if your client moved to dismiss the indictment. That was denied and that's now appealed. Nor do we have a challenge to the legal sufficiency of the evidence to establish the elements of mail fraud, correct? That's correct. We don't have a Jackson v. Virginia issue here. That is correct. But so much of your argument sounds to me in Mr. Thomas saying because these particular checks in 2013 connected to a different fire, there's something legally infirm about either what I was charged with or the sufficiency of the proof on the crime with which I was convicted. But at other times you're saying, no, no, no, this is just a straight up judge DeGiulio never should have admitted this evidence. So can you just address what precise issue do you think is in front of us on appeal? Your Honor, I believe that the precise issue before you on appeal is that the six other fires that were included in the indictment that were not struck by the surplus motion and were included as evidence in the trial were in violation of Rule 404B. And therefore, when we take the Rule 404B evidence away, leaving the fire in April of 2013, we certainly have sufficient evidence that that error was harmful. One of the issues with the sufficiency of evidence, Your Honor, in analyzing this is that because the jury was permitted to rely on those other six fires to reach the conclusion about whether or not Mr. Thomas had committed the April 2013 fire, they were permitted to be part of the evidence that the jury heard. So the reason that we had analyzed it – Do you think the jury was just swayed by this – in your view, that this is all just propensity evidence? He's a guy who happens to burn things down a lot, but that doesn't tell us whether he burned down the property on April 17, 2013. Yes, I – And a jury that wasn't bombarded with all of this propensity evidence might have seen what was admittedly sufficient evidence, but might have seen the evidence differently. Is that your point? Absolutely. Absolutely, Your Honor, because what we have in terms of the evidence when we actually isolate that April 2013 case from the other fires is we have an ex-wife. We have an ex-wife who's testifying very scantily. In fact, she says very little about that fire other than she recalled him saying something about removing her items from the house. Now, she makes that sound nefarious, but we have to remember that within days of this incident, she had actually left him and moved out of the house. And then we have Mr. Nissen who says that he was asked to move a motorcycle, which ultimately he did not do. So the evidence of an actual arson on the premises is limited to the findings of Mr. Sumter, which are quite, quite scant, even in isolation, because we have – with Mr. Sumter, he never took any tests. He never did any kind of analysis. He doesn't follow protocol, and that was elicited at the time of the trial. Okay, I think you'll need to stop now before you totally run out of time. Thank you. But we will turn the microphone, so to speak, over to Mr. Whalen. Thank you, Your Honors. May it please the Court. Nathaniel Whalen here on behalf of the United States of America. Your Honors, if this is just a 404B case, as Mr. Thomas is now saying, it's important to talk about what's actually in front of this Court in terms of preserved objections. Mr. Thomas did not move under Rule 404B to exclude evidence of all the fires. If you look at Docket Entry 21, which is his motion to dismiss surplusage or strike surplusage, he explicitly says he is moving under Federal Rule of Criminal Procedure 7D and then to strike paragraphs 2 through 8 and 10 through 11. He says that they violate 404B, and that's a reason the Court should dismiss them as prejudicial or strike them, excuse me, as prejudicial. But this is a motion to strike a surplusage. And he's moving under the Rules of Criminal Procedure, not the Rules of Evidence. Even if this Court is willing to give him the benefit of the doubt on that motion, though, he does not appeal that decision from the magistrate to the district court at any point in time. And when we're talking about the 2010 fires, Your Honor, what he actually moved in Lemonade to exclude evidence of is there are five fires at issue in 2010. There are the two properties Mr. Thomas owns and then one of his garages. Then there are the two properties that are unconnected to him in any property interest, way, shape, or form, the cover-up fires. It's the cover-up fires that he moved to exclude in front of the district court. So we aren't even dealing with the properties that he has an ownership interest in in 2010. Those were never raised to the district court. And then I do think because the district court considered the issue, the 2004 fire is before the district court. I'm sorry, is before this court. Ultimately, though, Rule 404B is not implicated in this case because each of the fires are charged as part of the scheme to defraud. They're enumerated, they're listed as part of the scheme, and they fit in the scheme because of his MO. But didn't the district court say that the 2004 fire was too far removed temporarily to be part of the scheme? The judge leaves the door wide open for you to make the 404B showing. But I thought that one was you didn't prevail on that. Your Honor, what he did is he said that it wasn't relevant as part of the scheme to defraud. I thought he said it wasn't part of the scheme, that it was just too far. You know, the gap between 2004 and 2010 when when he really gets going again is too long. Yeah, Your Honor, I read it slightly differently as him saying it's a relevancy question and whether it's part of the charged act or not. And I think maybe I'm splitting hairs with the point with Your Honor. I think he says that it's probably not considered part of the scheme because it's too temporarily removed. And so it's not relevant in that regard. But he said you can lay the foundation for 404B can still be evidence of your scheme is how I read it. That's that's how we also read it as well, Your Honor. But I will say we do think the district court actually got it wrong by saying it's not part of the scheme. There was no challenge to the counts in the indictment. There wasn't a Rule 12 motion to say that this is actually a separate fraud. So the issue wasn't in front of the district court. And as we said in our brief, this court can affirm the admittance of evidence under any basis presented in the record. And this is preserved in the record. But, Judge Wood, to your point, even if it isn't part of the charge scheme to defraud, that is when 404B kicks in. And this is 404B evidence to show identity. It's not, as Mr. Thomas claims in his opening brief, an occurrence that any married couple would experience as to what's going on here. These are five fires within a very small community where a volunteer firefighter of 26 years says, yeah, I've only seen three other fires like this in this community before in my life. It's five fires where Mr. Thomas gets an insurance policy into effect. And within, I want to make sure I get this exactly right, within 30 days each time, the residence is burned down. And we have an insurance adjuster who says they've done 6,000 claims in their life. And they've seen it three or four times where within a month, some house burns down when the policy goes into effect. It happened five times to Mr. Thomas. There's another insurance adjuster down the road in the trial who says, listen, we consider a recent policy to be within a year of the fire. And that's 12 times longer than what we have here. We then have instances where it fires to Mr. Thomas's house or a residence in which he has a property interest. And then he files a claim within three days each time. This isn't some overarching 30,000 foot, yeah, these fires are sort of related to one another. These all fit within a distinct MO. And the district court did not abuse its discretion in admitting it for that purpose. Your Honors, we've raised other points in our brief. But unless this court has any questions, we would ask this court to affirm. I see no questions. And so I will thank you, Mr. Whalen. And I will give Ms. Conner a full minute. 18 seconds is a little short. Thank you, Your Honors. Thank you, Your Honor. First of all, I would like to point the court to document number 21, which was filed on May 23, 2018. That is actually the motion that was filed before the magistrate. Section B on page 7 specifically challenges paragraphs 2 through 8, 10, and 11 under rule 404B. So it is not correct that the attorney below did not challenge under 404B. The ruling from the magistrate can be found at document number 28, and it specifically addresses that. Also, Your Honors, I would suggest that you are correct in what was indicated, that in document number 57, Judge DiGiulio does, in fact, specifically address the 2004 fire and concludes that it is not part of the scheme, but that it can come in, we believe, incorrectly under rule 404B. And finally, this was not a new policy. It was a renewal policy on the April 2013 home. All right. Well, thank you very much, Ms. Conner. Thank you, Mr. Whalen. The court will take the case under advisement, and we will be in recess. Thank you.